IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2020 MAR -3 P 4:22
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES OF AMERICA )
)
v. ) CR. NO. 2:20cr76-RAH-WC
) [18 U.S.C. § 1343;
WALTER JAMES, III ) 18 U.S.C. § 2]
)
) INFORMATION

The United States Attorney charges:

## INTRODUCTION

At all times relevant to this information:

1. Defendant Walter James, III was a resident of Montgomery, Alabama. Beginning in or about 2003 until 2019, the Montgomery Public Schools (MPS) employed James in various positions within the MPS system. Beginning in or about 2014 until in or about June 2019, James served as the assistant principal at a high school in Montgomery, Alabama, within the Middle District of Alabama (School A).

2. From an unknown date until in or about April 2019, in addition to his employment with MPS, James held himself out to be the owner of a consulting company. The purported purpose of James's consulting company was to provide professional development services to other school districts outside the MPS system.

3. Navy Federal Credit Union is a financial services company headquartered in Vienna, Virginia, with corporate offices located in Merrifield, Virginia and other offices located throughout the United States.

## THE SCHEME

4. The factual allegations contained in paragraphs 1 through 3 of this information are

realleged and incorporated herein as if copied verbatim.

5. Beginning in or about August 2016 and continuing until in or about April 2019, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

WALTER JAMES, III,

knowingly, willfully, and with intent to defraud, devised, and intended to devise, a scheme or artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises that related to material facts, and by knowingly and willfully omitting material information. The scheme and artifice is set forth below.

MANNER AND MEANS

It was part of the scheme that:

6. On or about November 17, 2017, James opened a checking account at Navy Federal Credit Union. The name of the account was entitled "Ed-One Professional Development Services," and bore an account number ending in 2641.

7. Between on or about August 2016 and April 2019, James created and submitted to the MPS false and fraudulent invoices for payment, purportedly for professional development services provided by consulting companies rendered for the benefit of MPS employees or students. But neither James nor any of the purported consulting companies on the corresponding invoices provided any actual products or consulting services to the MPS.

8. In preparing the invoices, James would create the name of a purported professional development or consulting company and include that name as the vendor on the invoice. The company listed as the vendor would either be the name of James's purported consulting company or the name of a fictitious company that did not exist. In either case, the vendor on the invoice would not have provided any type of professional development services to

the MPS.

9. James would then assign an address to the fictitious vendor's name and he would include that false address on the invoice. In many cases, the addresses James included on the invoices were nonexistent, were addresses that belonged to actual unrelated businesses in the Montgomery, Alabama area, were out-of-state addresses, or were addresses that were associated with James.

10. In preparing the false and fraudulent invoices, James would list vague descriptions of the types of services that the vendor supposedly rendered. For example, the invoices would include descriptions such as "books & materials," "consulting," or "three-day workshop." But the invoices would not include specific details about what type of materials or consulting the respective vendor claimed to have provided. Nor did the invoices provide dates for when the company provided consulting services or when the workshops were conducted.

11. No goods or services were provided of any kind to the MPS corresponding to the false and fraudulent invoices that were submitted for payment.

12. James would then submit these false and fraudulent invoices to the MPS. The invoices would be billed to either School A or, in most cases, directly to the MPS central office. James would either submit the invoices personally by hand or would email them to an employee in the MPS central office.

13. An employee of the MPS central office would then process and approve the false and fraudulent invoices. As a result of the submission of the false and fraudulent invoices, the MPS would generate checks drawn on various MPS bank accounts that were made payable to the vendors James created and listed on the false and fraudulent invoices.

14. James would then take possession of these checks and would deposit or cause to

be deposited checks payable to his checking account at Navy Federal Credit Union ending in 2641.

15. As a result of executing this scheme, James transmitted or caused to be transmitted wire communications in interstate commerce by depositing these checks into his Navy Federal Credit Union checking account.

COUNT 1
(Wire Fraud)

16. The factual allegations contained in paragraphs 1 through 15 of this information are realleged and incorporated herein as if copied verbatim.

17. On or about April 4, 2018, in Montgomery County, within the Middle District of Alabama, the defendant,

WALTER JAMES, III,

aiding and abetting another and aided and abetted by another, for the purpose of executing the above-described scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises that related to material facts, and by knowingly and willfully omitting material information, did knowingly, willfully, and with intent to defraud, transmit and cause to be transmitted by means of wire communication in interstate commerce, the following writings, signs, signals, pictures, and sounds, to wit: depositing check number 0141149 issued from the Montgomery Public Schools Payables Fund checking account in the amount of $10,785 into James's checking account at Navy Federal Credit Union ending in 2641 thereby causing to be transmitted a wire communication in interstate commerce.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

A. The allegations contained in count 1 of this information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

B. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in count 1 of this information, the defendant,

WALTER JAMES, III,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all proceeds obtained, directly or indirectly, from the offense in violation of Title 18, United States Code, Section 1343 including, but not limited to, a forfeiture money judgment of at least $314,867.55.

C. If any of the property described above, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

Jonathan S. Ross
Assistant United States Attorney

Thomas R. Govan, Jr.
Assistant United States Attorney

R. Randolph Neeley
Assistant United States Attorney